**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0289-25

MICHAEL LITTERIO,[1]

    Plaintiff-Appellant,

v.

TRVW LLC, d/b/a TOMS RIVER
VOLKSWAGEN,[2] TOMS RIVER
MITSUBISHI, and TOM
MCMENAMIN,

    Defendants-Respondents.

_____

        Submitted July 29, 2026 – Decided August 7, 2026

        Before Judges Smith and Marczyk.

        On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2403-23.

        Michael Litterio, self-represented appellant (Jonathan Rudnick, on the brief).

        Fleischer, Suglia, Dopke & Domowitch, PC, attorneys for respondents (Nicola G. Suglia, on the brief).

---

[1] Incorrectly pled as Micheal Litterio.
[2] Incorrectly pled as Volkswagon.

PER CURIAM

Plaintiff Michael Litterio appeals from the trial court's August 15, 2025 order granting defendants TRVW LLC, d/b/a Toms River Volkswagen, Toms River Mitsubishi, and Tom McMenamin's motion to dismiss his complaint with prejudice based on plaintiff's failure to attend his deposition. We reverse and remand for further proceedings consistent with this opinion.

I.

Plaintiff filed a complaint against defendants alleging violations of the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1 to -4.14, and related claims. He failed to appear at his deposition on the scheduled date in July 2025. Plaintiff had confirmed his availability for the deposition with his counsel the day before it was scheduled, but his counsel later learned plaintiff had been jailed in the interim. At that juncture, the discovery end date was September 22, 2025. Defendants moved to dismiss plaintiff's complaint based on his failure to attend his deposition.

A-0289-25

The trial court held oral argument and stated it was dismissing the complaint "without prejudice." However, the court's written order dismissed the complaint "with prejudice." This appeal ensued.[3]

## II.

Plaintiff argues the trial court erred in dismissing the complaint with prejudice based on his failure to attend a non-court-ordered deposition "long before" the discovery end date. He asserts there was sufficient time to reschedule the deposition prior to the discovery end date, and his failure to appear did not justify the "most severe" sanction available to the court. Plaintiff further contends the court improperly dismissed the complaint with prejudice, given it stated in its oral decision it intended to dismiss the case without prejudice and plaintiff could reinstate the complaint.

We review a trial court's sanction for discovery misconduct to determine "whether the trial court abused its discretion." Abtrax Pharms., Inc. v. Elkins-

---

[3] Given the court appeared to have inadvertently entered the order dismissing the action with prejudice, the better practice would have been for plaintiff to have first moved under Rule 1:13-1 for the court to correct the apparent oversight in the order. Rule 1:13-1 governs the correction of clerical mistakes in judgments, orders, or other parts of the record and permits the court to correct errors arising from oversight and omission at any time, either on its own initiative or upon the motion of any party.

3

A-0289-25

Sinn, Inc., 139 N.J. 499, 517 (1995). We will uphold a trial court's discovery sanction "unless an injustice appears to have been done." Ibid.

Here, the court relied on Rule 4:23-4 in dismissing plaintiff's complaint with prejudice. Under Rule 4:23-4, if a party fails to appear for a deposition, the court may "take any action authorized under paragraphs (1), (2) and (3) of R[ule] 4:23-2(b)," including, pursuant to Rule 4:23-2(b)(3), striking the pleading or dismissing the action "with or without prejudice."

While a court has broad discretion in formulating sanctions under Rule 4:23-2, any sanction imposed must be "just and reasonable." Conrad v. Robbi, 341 N.J. Super. 424, 441 (App. Div. 2001). Imposition of sanctions for violations of discovery orders requires consideration of "a number of factors, including whether the plaintiff acted willfully and whether the defendant suffered harm, and if so, to what degree." Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005).

Dismissal of a claim for failure to comply with discovery is the "last and least favorable option." Il Grande v. DiBenedetto, 366 N.J. Super. 597, 624 (App. Div. 2004). "The varying levels of culpability of delinquent parties justify a wide range of available sanctions against the party violating a court rule." Georgis v. Scarpa, 226 N.J. Super. 244, 251 (App. Div. 1988). "If a lesser

4

sanction than dismissal suffices to erase the prejudice to the non-delinquent party, dismissal of the complaint is not appropriate and constitutes an abuse of discretion." Ibid.; see also Robertet Flavors v. Tri-Form Constr., 203 N.J. 252, 274 (2010) (recognizing dismissal as the ultimate sanction to "be ordered only when no lesser sanction will suffice to erase the prejudice" (quoting Zaccardi v. Becker, 88 N.J. 245, 253 (1982))). Rather than dismissal of an entire action with prejudice, claims affected by discovery non-compliance could be precluded as a proper sanction. See Familia v. Univ. Hosp. of Med. & Dentistry of N.J., 350 N.J. Super. 563, 568 (App. Div. 2002). Ultimately, cases should be disposed of on their merits, rather than for discovery violations. See Abtrax Pharm., Inc., 139 N.J. at 514.

Here, the trial court should have, at a minimum, dismissed the case without prejudice. The record does not support a dismissal with prejudice. Plaintiff's failure to attend his deposition was not willful or egregious but rather due to his temporary incarceration. Moreover, the deposition could have been rescheduled prior to the discovery end date. Furthermore, both parties agree the court failed to modify the form of order defendants submitted to reflect a dismissal without prejudice.

For these reasons, we conclude the court misapplied its discretion and reverse and remand for the court to enter an order dismissing plaintiff's complaint without prejudice and to provide plaintiff an opportunity to move to reinstate the complaint so the matter can proceed and be adjudicated on the merits. The court shall conduct a management conference with counsel within thirty days from the date of this opinion. We leave it to the trial court's sound discretion to enter a case management order affording the parties adequate time to complete the remaining discovery.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Hanley

Clerk of the Appellate Division

A-0289-25